STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONONDAGA

---

KELLY GLOVER,

        Plaintiff,  **COMPLAINT**

-vs-  Index No.: 000540/2018

THE ONONDAGA COUNTY SHERIFF'S
DEPARTMENT, ONONDAGA COUNTY, DOMINICK
ALBANESE, individually and in his official capacity
and SHARON MACDONALD, both individually and
in her official capacity,

        Defendants.

---

Plaintiff, Kelly Glover, by and through her attorney, Jeffrey R. Parry, Esq., hereby complains of the Defendants as follows:

**JURISDICTION and VENUE**

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States and the Constitution of the State of New York. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2301.

2. Additional claims and allegations arise under New York common law.

3. Venue is proper based upon the residence of the Plaintiff.

4. A Notice of Claim was timely and properly served upon the defendants Onondaga County and the Onondaga County Sheriff's Department. Defendants have neglected and failed to adjust the claims within the statutory time period.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter, including, but not limited to, damages.

**PARTIES**

6. Plaintiff, Kelly Glover, is a resident of Liverpool, New York.

7. Defendant the County of Onondaga is a municipal corporation formed pursuant to the laws of the State of New York with offices located at 421 Montgomery Street, Syracuse, New York 13202.

8. Defendant The Onondaga County Sheriff's Department is a police agency formed pursuant to Article 17 of the County Law with its principle place of business at 407 S State St, Syracuse, NY 13202. It is a subsidiary organization within the County of Onondaga.

9. The Onondaga County Sheriff's Department trains and supervises its employees in the customs, policies and practices utilized and required by this governmental organization.

10. Defendant Dominick Albanese is a Sheriff's Deputy currently working for the Onondaga County Sheriff's Department. Upon information and belief, he resides in the County of Onondaga.

11. Upon information and belief, Defendant Albanese was, and is, trained and supervised by Defendant Onondaga County Sheriff's Department in the customs, policies and practices utilized and required by this governmental organization.

12. Defendant Sharon MacDonald was, at all times relevant to the Complaint herein, a Sheriff's Deputy working for the Onondaga County Sheriff's Department. Upon information and belief, she has since retired and resides in the County of Onondaga.

13. Upon information and belief, Defendant MacDonald was, and is, trained and supervised by Defendant Onondaga County Sheriff's Department in the customs, policies and practices utilized and required by this governmental organization.

**FACTS**

14. On or about October 19, 2016, Ms. Glover visited the Wegman's grocery store on Rt. 57 in the town of clay to purchase food.

15. Upon entering the store she withdrew the sum of $140.00 from an ATM.

16. Ms. Glover purchased $46.79 worth of groceries.

3

17. Ms. Glover paid for the groceries with three twenty-dollar bills which she had acquired from the ATM machine.

18. Upon information and belief, two of the twenty-dollar bills turned out to be counterfeit.

19. The twenty-dollar bills were identified by Wegman's loss prevention staff.

20. As the transaction was recorded on security cameras, Wegman's staff was able to ascertain that Ms. Glover had tendered the twenty-dollar bills.

21. Wegman's staff was able to ascertain Ms. Glover's name as she had utilized an electronic "Shopping Club Card" to obtain a discount for her purchase.

22. Wegman's staff notified the Onondaga County Sheriff's Office of the two twenty-dollar bills.

23. On or about October 20, 2016 at approximately 2:00 A.M., defendant Dominick Albanese (hereinafter: defendant Albanese) appeared at the Wegman's store to investigate the matter.

24. Defendant Albanese was informed of the sum and substance of Wegman's internal investigation and provided with the evidence that Wegman's had thus far acquired.

25. Wegman's staff indicated to Defendant Albanese that they did not desire prosecution.

4

26. On or about October 20, 2016 at approximately 9:00 P.M., Defendant Albanese appeared at the home of Ms. Glover.

27. Ms. Glover invited Defendant Albanese into her home.

28. Defendant Albanese informed Ms. Glover that she was being investigated for a very serious crime.

29. Ms. Glover had not yet received *Miranda* warnings from Defendant Albanese.

30. Defendant Albanese interrogated Ms. Glover as to her activities in Wegman's and her purchase of the groceries.

31. Ms. Glover informed Defendant Albanese of her use of the ATM machine, that the ATM transaction was undoubtedly recorded and videotaped, that she had proof of her transactions for both the ATM and the groceries and that she had no idea that the bills were counterfeit.

32. Ms. Glover ordered defendant Albanese to leave her home.

33. Defendant Albanese refused to leave and continued to make accusatory statements, allegations and inquiries.

34. Ms. Glover explained to Defendant Albanese that her son was in the home, that he was disabled due to a severe psychological condition and that he required her attention and care.

35. Defendant Albanese arrested Ms. Glover, placed her in handcuffs and removed her from her home against her will.

36. When in Defendant's patrol car, Ms. Glover was finally *mirandized*.

37. Importantly, Ms. Glover was charged with Criminal Possession of a Forged Instrument in the First Degree, PL §170.30.

38. PL §170.30 reads as follows:

> A person is guilty of criminal possession of a forged instrument in the first degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.15.
> Criminal possession of a forged instrument in the first degree is a class C felony.

39. A C felony is punishable by a term of imprisonment of up to 15 years. PL §70.00.

40. Ms. Glover was taken to the Onondaga County Justice Center.

41. Ms. Glover was booked and forced to disrobe.

42. Ms. Glover was cavity searched.

43. Ms. Glover was repeatedly denied the use of the bathroom.

44. Ms. Glover continued to voice her innocence to Sheriff's Deputies at the Justice Center.

45. Ms. Glover was finally allowed to use a toilet facility in sight of Sheriff's Deputies and without privacy.

46. Ms. Glover was forced to have a psychiatric evaluation by jail staff.

47. Ms. Albanese was not arraigned, bail was not set and she had no access to legal counsel.

48. Upon information and belief, an officer working in an administrative function within the Sheriff's Department identified that Ms. Glover was arrested without probable cause and informed supervising officers that she should be released.

49. Regardless of the lack of probable cause, Ms. Glover's story was the subject of additional investigation while she remained incarcerated.

50. At approximately 1:30 A.M. on October 21, 2016, Defendant Albanese and Defendant MacDonald informed Ms. Glover that, upon further investigation, her story proved to be correct.

51. Defendant Albanese and Defendant MacDonald presented Ms. Glover with a form entitled "Certificate of Release and Waiver of Claims".

52. Ms. Glover was informed that she would be allowed to leave *if she signed the form.*

53. Ms. Glover was still locked in behind bars and dressed in prison attire. She could not leave.

54. The form was a general release of liability for the defendants and was imposed upon Ms. Glover as a term and condition of her release as a custom, policy

and practice of defendant the Onondaga County Sheriff's Department and defendant Onondaga County.

55. In order to be released, Ms. Glover signed the form.

56. Ms. Glover was assured that no one would be made aware of her wrongful arrest.

57. Ms. Glover was released and driven home at approximately 2:15 A.M. on October 21, 2016.

58. The fact of Ms. Glover's arrest was made known to the Syracuse Post Standard and it was published both in hard copy and on-line.

59. Ms. Glover's arrest was also made known to the Department of Education who subsequently notified her employer.

60. The Department of Education took steps to block Ms. Glover's employment at any other school.

**AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**

60. Plaintiff repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

61. The actions of the Defendants were done under color of law.

62. The conduct of the defendants, as described herein, amounted to false

8

arrest, unlawful entry, false imprisonment, unreasonable search and seizure, abuse of authority, conspiracy, violation of her right to privacy, denial of equal protection of the laws, denial of due process rights and constitutional torts.

63. Defendant's conduct is in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

64. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages, compensation for the impairment of Ms. Glover's reputation, personal humiliation, mental anguish and suffering in an amount to be proven at trial. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986).

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK.

65. Plaintiff repeats and realleges paragraphs 1 through 64 as though fully set forth herein.

66. The conduct of the defendants, as described herein, amounted to false arrest, unlawful entry, false imprisonment, unreasonable search and seizure, abuse of authority, conspiracy, violation of her right to privacy, denial of equal protection

9

of the laws, denial of due process rights and constitutional torts, all in violation of Article I, §§ 1, 5, 6, 11 & 12 of the Constitution of the State of New York.

67. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages, compensation for the impairment of Ms. Glover's reputation, personal humiliation, mental anguish and suffering in an amount to be proven at trial.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION: CONSPIRACY TO DEPRIVE THE PLAINTIFF OF HER CONSTITUTIONAL RIGHTS. 42 U.S.C. §1985.

68. Plaintiff repeats and realleges paragraphs 1 through 67 as though fully set forth herein.

69. In an effort to arrest the plaintiff, deprive the plaintiff of her Constitutional rights as well as to cover-up the deprivation, the defendants conspired among themselves and conspired with other individuals to deprive the plaintiff of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution. They took numerous overt steps in furtherance of such conspiracy, as set forth above.

70. In light of the foregoing therefore, defendants intentionally engaged in a

conspiracy designed to deprive plaintiffs of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION: NEGLIGENT AND/OR DELIBERATELY INDIFFERENT POLICIES, PRACTICES AND CUSTOMS IN TRAINING AND SUPERVISION UNDER 42 USC §1983, THE FOURTH AND FOURTEENTH AMENDMENTS.

72. Plaintiff repeats and realleges paragraphs 1 through 71 as though fully set forth herein.

73. Defendant Onondaga County, acting through the Onondaga County Sheriff's Department, had, and have, actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, lawful search of individuals and/or their properties, seizure, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and additionally, has failed to promulgate, put into effect and monitor the enforcement of appropriate rules and procedures to ensure that illegal and unconstitutional arrests do not occur.

11

74. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from both the conduct herein as well as repeated occurrences of similar wrongful conduct.

75. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, and the right to due process.

76. By these actions, defendants have deprived plaintiffs of rights secured by norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION CONSTITUTIONAL TORTS BY INDIVIDUAL OFFICERS DEFENDANTS ALBANESE AND MACDONALD

77. Plaintiff repeats and realleges paragraphs 1 through 76 as though fully set forth herein.

78. By reason of the foregoing, and by arresting, detaining and imprisoning the plaintiff without probable cause or reasonable suspicion,

and depriving the plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen by Article 1, § 6 (providing for due process), Article 1, § 11 (providing for equal protection of laws) and Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

79. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiff of her constitutional rights secured by Article I of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

80. Defendant officers acted under pretense and color of state law, both in their individual and official capacities and both within and without the scope of their respective employment as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

81. As such, Defendants and their co-conspirators, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION: FRAUD

82. Plaintiff repeats and realleges paragraphs 1 through 81 as though fully set forth herein.

83. Defendants falsely represented to Ms. Glover that she could leave only if she signed the document entitled "Certificate of Release and Waiver of Claims".

84. In reality, Ms. Glover had been arrested without probable cause, had done nothing whatsoever that could be considered illegal and was free to go as a matter of Constitutional right.

85. Defendants were entirely aware that their representations of the document were false and it was there intent to cause Ms. Glover to sign the document to protect them from the consequences of their own illegal acts.

86. Ms. Glover had no idea that the police officers had no authority to hold her or that they had done anything that was illegal. She had not been allowed to speak to an attorney.

87. Ms. Glover, in reliance on the representations of Defendants Albanese and MacDonald, signed the document as she believed it was the only way she would be released.

88. As a consequent and proximate injury, Ms. Glover suffered additional incarceration, emotional stress, humiliation, psychological trauma and pain. She continues to be treated for these conditions to this day.

### AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

89. Plaintiff repeats and realleges paragraphs 1 through 88 as though fully set forth herein.

90. By the actions described above, the Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

91. The acts and conduct of the defendants were the direct proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the Laws and Constitution of the United States and the State of New York.

92. As a result of the foregoing, Plaintiff endured, and continues to endure, serious and prolonged pain, suffering, trauma, psychological and emotional injury, costs and expenses for treatment, and is otherwise damaged.

## AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION: NEGLIGENCE

93. Plaintiff repeats and realleges paragraphs 1 through 92 as though fully set forth herein.

94. Defendants, jointly and severally, negligently caused injuries, emotional distress and damaged the Plaintiff. The acts and conduct of the Defendants was the direct proximate cause of injury and damage to the Plaintiff in violation of her statutory and common law rights as guaranteed by the Laws and Constitution of the State of New York as well as the Laws and Constitution of the United States.

95. As a result of the foregoing, Plaintiff suffered serious injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees;

d. For pain and suffering;

16

NYSCEF DOC. NO. 5

RECEIVED NYSCEF: 06/15/2018

and;

e. For such other and further relief as the court deems proper.

Dated: June 14, 2018

Jeffrey R. Parry, Esq.
Attorney for Plaintiff
Bar Roll No.: 2664084
7030 East Genesee Street
Fayetteville, N.Y. 13066
Tel. No.: (315) 424-6115
JeffreyParry404@gmail.com