UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KELLY GLOVER,

        Plaintiff,

        -v-                5:18-CV-837

ONONDAGA COUNTY
SHERIFF'S DEPARTMENT,
ONONDAGA COUNTY,
DOMINICK ALBANESE, and
SHARON MCDONALD,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER ON ATTORNEY'S FEES & COSTS

On June 15, 2018, plaintiff Kelly Glover filed this 42 U.S.C. § 1983 action in Supreme Court, Onondaga County, alleging that defendants violated her civil rights in connection with a forgery investigation. But because her suit raised federal claims, defendants removed the case to this judicial district, where it was assigned to Senior U.S. District Judge Gary L. Sharpe. After plaintiff amended her pleading, Dkt. No. 13, defendants answered, Dkt. No. 14, and the parties spent most of the next five years in discovery. Thereafter, defendants moved for summary judgment, Dkt. No. 141, and the case was

reassigned to this Court for a decision, Dkt. No. 152.  Shortly thereafter, this Court granted defendants' motion for summary judgment and dismissed the amended complaint.  Dkt. No. 153.  Judgment was entered accordingly.  Dkt. No. 154.  Plaintiff has appealed.  Dkt. No. 155.

On March 21, 2024, with plaintiff's appeal pending, defendants moved to tax costs, Dkt. No. 157, and, two weeks later, for leave to file a belated motion for attorney's fees, Dkt. No. 158.  After a pair of false starts, Dkt. Nos. 159, 160, and a request for more time, Dkt. No. 161, plaintiff opposed defendants' fee motion and cross-moved for a stay pending appeal.  Dkt. No. 163.

Upon review, defendants' request for leave to file a motion for attorney's fees will be denied.[1]  As an initial matter, it is untimely.  Judgment was entered on February 22, 2024.  Dkt. No. 154.  The time period in which to move for attorney's fees expired fourteen days later.  *See* FED. R. CIV. P. 54(d)(2)(B).  Defendants filed this request on April 5, 2024.  That is twenty-nine days too late.

Defendants acknowledge that they blew this deadline.  Still, they argue that the Court can and should extend it because their failure to act was the result of "excusable neglect."  Dkt. No. 158-1 ¶¶ 24–34.  Even if the Court were inclined to do so, it would be a waste of everyone's time and resources

---

[1] Notwithstanding the pending appeal, the Court retains ancillary jurisdiction to decide the matter of fees and costs.  *See, e.g.*, *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

under these circumstances. In a 42 U.S.C. § 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." § 1988(b).

Where, as here, the prevailing party is the <u>defendant</u>, fees may only be recovered if the underlying action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (cleaned up).

Plaintiff's counsel has a reputation for running afoul of deadlines and frequently submits prolix briefing stuffed with hyperbole. His approach to civil rights litigation has not been particularly effective in this district. But aside from the fact that plaintiff suffered procedural difficulties in properly opposing defendants' motion for summary judgment, there is no indication that the underlying action was "frivolous, unreasonable, or groundless," or that plaintiff continued to litigate after it "clearly became so."

To be sure, the Court dismissed plaintiff's 42 U.S.C. § 1983 claims and awarded summary judgment to defendants. But advancing a series of losing arguments does not make an underlying action "frivolous, unreasonable or groundless." Accordingly, defendants' request for leave to file a motion for attorney's fees will be denied.

However, defendants' request to tax costs will be granted.[2]  "Unless a federal statute, [the federal rules of civil procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  FED. R. CIV. P. 54(d).  "[T]he burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified."  *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 227 (E.D.N.Y. 2012) (citation omitted).  However, "because Rule 54(d) allows costs 'as of course,'" the rule favors the award of costs to the prevailing party. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).  The categories of costs that can generally be taxed are set out in 28 U.S.C. § 1920.  Upon review, the $4,596.18 sought by defendants—for transcripts, witnesses, and subpoenas— are properly taxable under §§ 1920(2), (3), and (1), respectively.  Accordingly, defendants' request to tax costs will be granted.

Therefore, it is

ORDERED that

1. Defendants' request for leave to file a motion for attorney's fees (Dkt. No. 158) is DENIED;

2. Defendants' request to tax costs (Dkt. No. 157) is GRANTED;

---

[2] Plaintiff's opposition does not mention this request.  *See* Dkt. No. 163.

- 5 -

3. Plaintiff's cross-motion for a stay pending appeal (Dkt. No. 163) is DENIED as moot.

The Clerk of the Court is directed to terminate the pending motions and tax costs accordingly.

IT IS SO ORDERED.

Dated: November 15, 2024
Utica, New York.

David N. Hurd
U.S. District Judge